■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v KARL F. BACKENSTROSS, Respondent.—Order unanimously reversed and motion denied. Memorandum: The sole issue on this appeal is whether sufficient information was provided to the issuing Magistrate to support his determination that the search warrant was based on probable cause. The warrant was signed by a Village Justice and executed by members of the Syracuse Police Department. As a result of the search the defendant was indicted for criminal possession of a controlled substance in the fifth degree. At Special Term the defendant moved for an order suppressing the evidence seized pursuant to the warrant, alleging that the application for the warrant failed to state facts from which a determination of probable cause could be made. Special Term held that the warrant application did not contain facts upon which the reliability of the information could be readily adduced and granted the motion for an order of suppression. The People appeal. A search warrant may not be issued unless there is probable cause to believe that the property sought will be found in the place to be searched (US Const, 4th Amdt; NY Const, art 1, § 12; CPL 690.40, subd 2). When the information upon which the determination of probable cause is based consists of hearsay statements of a confidential informant the application must meet the test enunciated by the Supreme Court in *Aguilar v Texas* (378 US 108). The supporting affidavit must state facts that establish the truthfulness of the informant and the accuracy of the information. Only in this way can a neutral and detached Magistrate "determine for himself the credibility of the informant and the reliability of the information provided" *(People v Slaughter,* 37 NY2d 596, 599). Although a showing of probable cause to search must be made out on the face of the affidavit *(People v Lalli,* 43 NY2d 729), "warrant applications should not be read in a hypertechnical manner as if they were entries in an essay contest" *(People v Hanlon,* 36 NY2d 549, 559). In this case Investigator Phinney, in his affidavit, states that he received certain information from a confidential informant who had supplied him with reliable information in the past. Upon receiving it he sent the informant and Investigator Jones to Building No. 30, Apartment B, Carriage House Estates in the Village of Manlius, to try to make a "buy" from an individual known only as "Carl". When they arrived at the apartment complex Investigator Jones searched the informant and gave him $35. The informant entered the apartment where he remained for approxi-

mately one half hour. He returned without the money, but with a quantity of a substance that Jones identified as marihuana. The informant then told Jones that he had just purchased one ounce of marihuana from "Carl" and that he had seen more marihuana, assorted paraphernalia and LSD in Apartment B. This affidavit supplied sufficient facts to satisfy the *Aguilar* test. The veracity of the informant was established by the fact that he had supplied accurate information in the past. The high probability that the information was true was shown by the fact that the informant, not having marihuana in his possession prior to entering "Carl's" apartment, returned with a quantity of that substance. Thus, the issuing Magistrate properly concluded that probable cause was established *(People v Garzia,* 44 NY2d 867, cert den 439 US 930). The fact that the warrant application did not state what the informant told Phinney that caused Phinney to send the informant and Jones to "Carl's" apartment is not decisive. The crucial statement was the informant's account of seeing marihuana, paraphernalia and LSD in the apartment. The reliability of this statement was confirmed by the controlled buy. As the information was furnished on June 15 and the warrant was issued and executed on June 19 the question of timeliness is not present. (Appeal from order of Onondaga Supreme Court—suppression.) Present—Dillon, P. J., Cardamone, Simons, Callahan and Moule, JJ.