■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERT BUCKMAN, Appellant.—Judgment unanimously affirmed. Memorandum: Defendant was convicted following a nonjury trial of criminal possession of a controlled substance in the first degree. We reject his contention that the search warrant was granted on an insufficient showing of probable cause (see, Spinelli v United States, 393 US 410; Aguilar v Texas, 378 US 108). The reliability of the informant was sufficiently established by the statement in the application of the police officer that the confidential informant had given him reliable information in the past relative to narcotic trafficking which had led to undercover purchases of heroin and cocaine (see, People v Hanlon, 36 NY2d 549, 557; People v Montague, 19 NY2d 121, cert denied 389 US 862) and by the corroborative knowledge of the police officer who watched the informant during the course of a "controlled buy" at the premises (see, People v Backenstross, 73 AD2d 796; People v Hitt, 61 AD2d 857, 858). That the basis of the informant's information was his personal knowledge is clear from his statement to the police officer following the "controlled buy" that "he had observed a large amount of both heroin and cocaine in said premises". The facts set forth in the application pertaining to the "controlled buy" gave credence to that statement.

There was no basis shown for a hearing pursuant to Franks v Delaware (438 US 154), either at the argument of the suppression motion or during the nonjury trial. From a commonsense reading of the papers presented to the issuing Magistrate, it seems apparent that the police officer's observations of the "controlled buy" would necessarily have been made from a vantage point outside the apartment house and that the officer would not have accompanied the informant to the apartment. Nothing was developed during the testimony of the police officer at trial to indicate that the statement in the affidavit was known to be false, made with reckless disregard for the truth, or with deceitful intent.

We have examined defendant's other contentions and find no basis for reversal. (Appeal from judgment of Monroe County Court, Maloy, J.—criminal possession of controlled substance, first degree.) Present—Hancock, Jr., J. P., Callahan, Denman, Boomer and Green, JJ.