■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v DAVID PRESTON and REATHA PRESTON, Respondents.—Order reversed, on the law, and motions denied. Memorandum: The People appeal pursuant to CPL 450.20 (8) from an order dismissing an indictment charging defendants with criminal possession of marihuana, third degree (Penal Law §§ 20.00, 221.20) and granting their motions to suppress evidence obtained in a search of their residence on William Warfield Drive pursuant to a warrant. We find that the warrant was properly granted under the two-pronged *Aguilar-Spinelli* test *(Spinelli v United States,* 393 US 410; *Aguilar v Texas,* 378 US 108) and therefore, reverse and reinstate the indictment. There is no question that the basis-of-knowledge prong is satisfied since the information given to the affiants by the unnamed citizen informant was based on his personal observations of large quantities of drugs in the premises searched *(see, People v Buckman,* 115 AD2d 267). The reliability of the informant was sufficiently established by the personal observations of the police in executing a search warrant at 40 Herman Street which corroborated information given by the informant concerning drug sales being conducted by defendant David Preston at that address. Moreover, during the search at

40 Herman Street, defendant Reatha Preston took a metal box from her car and dispatched it to 109 William Warfield Drive, where police were refused access. Although such evidence standing alone is not sufficient to establish probable cause, it can be used to corroborate information furnished by an informant and thus establish his reliability (see, People v Elwell, 50 NY2d 231, 237; People v Alaimo, 34 NY2d 187, 189).

All concur, except Green, J., who dissents and votes to affirm, in the following memorandum.

Green, J. (dissenting). I must dissent. The reliability of the "concerned citizen" informant was not established and the hearing court so found. The fact that this informant may have been reliable in supplying information with respect to defendant's alleged drug activity in the pool hall at 40 Herman Street was insufficient to establish probable cause to issue the warrant to search defendant's residence at 109 William Warfield Drive. The only information before the Magistrate was contained in two affidavits, one from Police Officer Gerbino, the other from Officer Klimas. Officer Gerbino stated that in October 1983, during a search at 40 Herman Street, Reatha Preston removed a metal box from the trunk of her car and handed it to a young girl, whom the police followed to 109 William Warfield Drive. The only other allegation relating to defendants' residence was that on January 12, 1984, the citizen saw four our five plastic bags full of cocaine and a large quantity of marihuana. In my view, these allegations do not establish the reliability of the informant (see, People v Johnson, 66 NY2d 398).

Neither the identity of the citizen informant, nor a sworn affidavit from him or her, was presented to the issuing Magistrate (cf. People v Hicks, 38 NY2d 90, 94). There was no allegation that this citizen had ever given reliable information in the past (cf. People v Hendricks, 25 NY2d 129, 134; People v Buckman, 115 AD2d 267). The citizen did not indicate that he or she had purchased drugs from either defendant, or otherwise had engaged in criminal activity, so nothing the citizen said was against his or her penal interest (cf. People v Simon, 107 AD2d 196, 201-202). Moreover, it is difficult for me to understand how the incident regarding the metal box during the search of the pool hall in October 1983 has any relevance in establishing probable cause to search defendants' residence in January 1984. The majority acknowledges that this incident standing alone is insufficient to establish probable cause. The incident as described in Gerbino's affidavit was as consistent with innocence as with criminal activity (see, People v

*Bigelow,* 66 NY2d 417; *cf. People v Oden,* 36 NY2d 382, 385; *People v Brown,* 32 NY2d 172, 174). In any event, the incident should have not been considered at all because the information was three months stale by the time it was presented to the issuing Magistrate *(see, Sgro v United States,* 287 US 206; *cf. People v Hansen,* 38 NY2d 17, 20).

The order granting defendants' motion to suppress should be affirmed. (Appeal from order of Monroe County Court, Wisner, J.—suppression motion.) Present—Hancock, Jr., J. P., Callahan, Denman, Green and Pine, JJ.