■ In the Matter of MARIO MARTINEZ, Petitioner, v BENJAMIN WARD, as Police Commissioner of the City of New York, et al., Respondents.—Determination of the respondent Police Commissioner of the City of New York, dated April 2, 1988, which dismissed petitioner from his position as a police officer, is unanimously confirmed, the petition denied and the proceeding brought pursuant to CPLR article 78 (transferred to this court by order of Sup Ct, NY County [David Saxe, J.], entered on or about Sept. 27, 1989), is dismissed without costs or disbursements.

We find substantial evidence in the record to support the Commissioner's determination that petitioner, on or about June 29, 1988, was absent from his tour of duty, without leave, for nearly three hours and that, on the same date, he failed to obey a lawful order to submit to a urinalysis exam. The credited testimony of the department's six witnesses

established that over a span of six months leading up to the Dole test order, petitioner was observed on several occasions, both on duty and off duty, in a known drug area. Several anonymous reports received by the precinct, while not specifically identifying the petitioner, provided information consistent with petitioner's description and his suspected drug activity.

Additionally, during the six-month period, petitioner's behavior was noticeably erratic. In front of superior officers, petitioner's moods would often swing from an "animated" state to fits of crying and depression. Six weeks prior to the drug test order, a crack vial was found on the driver's side of a patrol car assigned to petitioner. Petitioner's own memo book established that he had searched the vehicle at the start of his tour, but had found no contraband inside. Lastly, on the day prior to the drug test orders, petitioner was again observed at the same drug location. When petitioner reported to the precinct late the next day, petitioner's physical appearance did not comport with his excuse of a heavy drinking bout the night before. Moreover, petitioner broke down and cried on this occasion. Based upon these specific objective facts, it was reasonable for the deputy inspector of police, in light of his experience, to suspect petitioner of drug use (Matter of Jefferson v Koehler, 159 AD2d 248). We find no reason to disturb the Hearing Officer's findings which are rationally based in the record, nor, in view of the nature of the charges, do we find the penalty imposed so disproportionate to the offenses as to be shocking to one's sense of fairness (see, Matter of Pell v Board of Educ., 34 NY2d 222). Concur—Ross, J. P., Milonas, Asch, Ellerin and Rubin, JJ.