■ In the Matter of PEDRO TORRES, Petitioner, v RICHARD KOEHLER, as New York City Correction Commissioner, et al., Respondents.—Determination of the Correction Commissioner of the City of New York, dated July 10, 1989, which dismissed petitioner from his position as a correction officer, is unanimously confirmed, the petition denied and the proceeding brought pursuant to CPLR article 78 (transferred to this court by order of Sup Ct, NY County [Stanley Sklar, J.], entered Sept. 29, 1989) unanimously dismissed, without costs.

We find substantial evidence in the record to support the Commissioner's determination that petitioner, on or about November 26, 1987, engaged in conduct unbecoming of an officer and of a nature to bring discredit upon the department when he submitted to a urinalysis exam which proved to be positive for cocaine. The credited testimony of the department's witnesses established that petitioner was ordered to submit to a Dole test after he was arrested in an apparent drug-related incident. Investigators for the department, who observed petitioner in custody at the precinct, noted that petitioner appeared to be under the influence "of something" due to his unsteadiness, slurred speech and red, glassy eyes. Based upon these specific objective facts, it was reasonable to suspect petitioner of drug use and to issue the drug test order (Matter of Jefferson v Koehler, 159 AD2d 248).

We find no reason to disturb the Hearing Officer's findings regarding petitioner's chain of custody and test validity arguments, as such findings are rationally based in the record. Finally, we do not find the penalty imposed so disproportionate to the offense as to be shocking to one's sense of fairness (see, Matter of Pell v Board of Educ., 34 NY2d 222). Concur—Murphy, P. J., Sullivan, Carro, Ellerin and Smith, JJ.