■ In the Matter of BURRELL CANTY, Petitioner, v JOHN B. SPOONER, as Administrative Law Judge of the City of New York, et al., Respondents. [628 NYS2d 754] —Proceeding pursuant to CPLR article 78 to review a determination of the respondent New York City Transit Authority dated January 24, 1992, which adopted the recommendation of an Administrative Law Judge, made after a hearing, dismissing the petitioner from his position as a transit police officer, *inter alia*, for using cocaine and for failing to adequately perform his duties.

Adjudged that the determination is confirmed, and the proceeding is dismissed on the merits, with costs.

Contrary to the petitioner's contention, the directive of a superior officer ordering the petitioner to submit to a urinalysis, commonly known as a Dole test, was predicated on reasonable suspicion of the petitioner's drug use, which was based on information supplied, in part, by two confidential informants *(see, Matter of Perez v Ward,* 69 NY2d 840; *Matter of McCullon v Meehan,* 150 AD2d 578). The Administrative Law Judge properly determined that the information supplied by the two confidential informants was reliable. While neither informant had a past history of supplying reliable information, the information provided by the first informant was corroborated by other events that New York City Transit Police Department investigators had observed *(see, e.g., People v Preston,* 115 AD2d

997), and the second informant's credibility was established by her relationship with the petitioner *(see, e.g., Matter of Taylor v Raiford,*159 AD2d 309). Thus, the determination that the petitioner had used cocaine, in violation of New York City Transit Police Department regulations, is supported by substantial evidence *(see, Matter of Boyd v Constantine,* 81 NY2d 189; *300 Gramatan Ave. Assocs. v State Div. of Human Rights,* 45 NY2d 176; *Matter of Ausch v Commissioner of State of N. Y. Div. of Hous. & Community Renewal,* 166 AD2d 704).

Under the circumstances of this case, we do not find the penalty of dismissal to be so disproportionate to the offense as to be shocking to one's sense of fairness *(see, Matter of Pell v Board of Educ.,* 34 NY2d 222; *see also, Matter of Perez v Ward, supra; Matter of Martinez v Ward,* 166 AD2d 392; *Matter of Palmer v Koehler,* 156 AD2d 242; *Matter of McCullon v Meehan, supra).*

We have considered the petitioner's remaining contentions and find them to be without merit. Sullivan, J. P., Miller, Thompson and Joy, JJ., concur.