■ In the Matter of MERTIS ALLEN, Petitioner, v POLICE DEPARTMENT OF CITY OF NEW YORK, Respondent. [658 NYS2d 610] —Determination of respondent Police Department, dated Janu-

ary 3, 1996, which dismissed petitioner from her position as a police officer, unanimously confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of Supreme Court, New York County [Paula Omansky, J.], entered July 18, 1996) is dismissed, without costs.

The administrative finding that petitioner was properly subjected to drug testing on the basis of reasonable suspicion of drug use is amply supported by substantial evidence (*see, Matter of Canty v Spooner*, 216 AD2d 463). The information supplied by an informant, which was corroborated by other events that investigators observed, provided a basis for reasonable suspicion sufficient to order that the petitioner be tested.

The Commissioner could rationally credit the testimony concerning a mistake in the transcription of the numbers for the urine samples (*see, Matter of Bonilla v Kelly*, 213 AD2d 264). Absent other evidence to prove a flawed chain of custody for such samples, petitioner failed to meet her burden of proof (*see, Matter of Newton v Coughlin*, 211 AD2d 936). As a result, there is no reason to disturb the determination, which is based on the evidence in the record (*see, Matter of Torres v Koehler*, 168 AD2d 362). Concur—Murphy, P. J., Milonas, Tom, Andrias and Colabella, JJ.