■ In the Matter of RICKY FERGERSON, Appellant, v CITY OF NEW YORK et al., Respondents. [734 NYS2d 430] —Determination of respondents, dated July 16, 1997, which dismissed petitioner from his position as a police officer, unanimously confirmed, the petition denied, and the proceeding brought pursuant to CPLR article 78 (transferred to this Court by order of the Supreme Court, New York County [Richard Braun, J.], entered January 5, 2000), dismissed, without costs.

Petitioner, a police detective, was dismissed from the Department after a random drug test detected the presence of cocaine in his urine. There is no basis upon which to disturb respondents' credibility determinations (*see, Matter of Berenhaus v Ward*, 70 NY2d 436, 443-444). Accepting these determinations, we find that there was substantial evidence that petitioner used cocaine. It was within the province of respondents to accept or reject evidence purporting to show deficiencies in the chain of custody of the urine sample (*Matter of Bonilla v Kelly*, 213 AD2d 264), and petitioner did not sustain his burden of proving that the chain of custody was flawed (*see, Matter of Allen v Police Dept. of City of N. Y.*, 240 AD2d 229). Concur—Tom, J. P., Andrias, Rubin, Buckley and Friedman, JJ.

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v STEVEN CARTER, Appellant. [733 NYS2d 861] —Judgment, Supreme Court, New York County (Ira Beal, J.), rendered May 15, 2000, convicting defendant, after a jury trial, of auto stripping in the second degree, criminal mischief in the fourth degree and possession of burglar's tools, and sentencing him, as a second felony offender, to concurrent terms of 2 to 4 years, one year and one year, respectively, unanimously affirmed.

The record establishes that the basis for the court's denial of defendant's application made pursuant to *Batson v Kentucky* (476 US 79) was defendant's failure to establish that the prosecutor's proffered explanation for challenging the venireperson at issue was pretextual. The court implicitly accepted the prosecutor's observation that, through her demeanor, the venireperson exhibited an unfavorable attitude toward the prosecution (*see, People v Barnes*, 261 AD2d 281, *lv denied* 93 NY2d 1014). We find that this explanation was not pretextual (*see, People v Hernandez*, 75 NY2d 350, *affd* 500 US 352). Concur—Tom, J. P., Andrias, Rubin, Buckley and Friedman, JJ.