■ In the Matter of LAWRENCE FISCHER, Petitioner, v TOWN OF PATTERSON, Respondent. [53 NYS3d 658]—

Proceeding pursuant to CPLR article 78 to review a determination of the Highway Superintendent of the Town of Patterson, dated November 24, 2014, which adopted the recommendation of a hearing officer, made after a hearing, finding the petitioner guilty of charges of misconduct and incompetency, and terminated his employment as a mechanical equipment operator.

Adjudged that the determination is confirmed, the petition is denied, and the proceeding is dismissed on the merits, with costs.

On June 16, 2014, while the petitioner was on duty as a mechanical equipment operator for the Town of Patterson, he was randomly selected to have his urine tested for the presence of drugs. The petitioner's urine tested positive for cocaine, and he was issued an amended notice of discipline alleging misconduct and incompetency as a result of the positive drug test. Pursuant to Civil Service Law § 75, a hearing was held at which the petitioner was represented by counsel. At the conclusion of the hearing, the hearing officer recommended that the petitioner be found guilty of the charges contained in the amended notice of discipline and that his employment be terminated. The Highway Superintendent of the Town adopted the recommendation of the hearing officer and terminated the petitioner's employment.

The petitioner commenced this proceeding pursuant to CPLR article 78 to annul the determination adopting the findings of the hearing officer and terminating his employment. In an order dated January 25, 2016, the Supreme Court transferred

the proceeding to this Court pursuant to CPLR 7804 (g). The petitioner argues that this Court should annul the Town's determination based on alleged flaws in the chain of custody of the urine sample.

The petitioner has the burden of showing a flaw in the chain of custody (*see Matter of Fergerson v City of New York*, 289 AD2d 41 [2001]; *Matter of Rivera v Selsky*, 266 AD2d 295 [1999]; *Matter of Allen v Police Dept. of City of N.Y.*, 240 AD2d 229, 230 [1997]). The record contains evidence demonstrating the identity of the urine sample and its contents based on a documentary chain of custody, and evidence that the seal on the sample container was intact when it was received for testing (*see People v Newman*, 129 AD2d 742 [1987]). In response, the petitioner has offered nothing more than mere speculation to support his assertions that the chain of custody was flawed. Thus, he has failed to meet his burden of proving that the chain of custody was flawed (*see Matter of Caviano v Stinson*, 209 AD2d 807 [1994]; *Matter of Curry v Coughlin*, 175 AD2d 970 [1991]).

Accordingly, we confirm the Town's determination, deny the petition, and dismiss the proceeding on the merits. Dillon, J.P., Cohen, Duffy and Connolly, JJ., concur.