Jones, J.
We hold that the affidavit on which the search warrant in this ease was issued was sufficient to support a finding of probable cause.
After denial of Ms motion to suppress betting slips and cash recovered by the police on a search of his automobile pursuant to warrant, defendant was tried in City Court and found guilty of possession of gambling records. On appeal County Court *189 reversed, holding that it was error to deny the motion for suppression. We conclude that the order of County Court should be reversed and the judgment of conviction reinstated.
In his .affidavit in support of his application for the search warrant the applying officer stated that a confidential informer, believed by him to be reliable, had told him that the informer had observed bets on horse races being accepted in the Dunkirk plant of Allegheny Ludlum Steel Corp. and then passed through the company fence to defendant. The officer further stated, on the basis of his own observations, that on numerous occasions a person whose identity was not known to him had come out a door on the west side of the plant, gone to the fence and there dropped a package which had been picked up by defendant.
Without more the conduct of defendant as observed by the officer, while perhaps unusual and inviting explanation, could be said to liave been innocuous and as consistent with innocence as with criminal activity. Thus, standing alone, such evidence might not have been sufficient to establish probable cause.
The independent observations of the officer before the issuance of the warrant (and thus obviously prior to the search), however, corroborated in significant detail a portion of the information furnished by the confidential informer whose identity was not disclosed. Thus, there was such an independent verification and separate objective checking of the informer’s tale as was sufficient to establish the reliability of the informer in this instance. (People v. Coffey, 12 N Y 2d 443, 452, cert, den. 376 U. S. 916; see People v. Hendricks, 25 N Y 2d 129, 133-134; People v. Cerrato, 24 N Y 2d 1, 5, cert. den. 397 U. S. 940; People v. Malinsky, 15 N Y 2d 86, 91; Spinelli v. United States, 393 U. S. 410, 417-418.)
That the informer’s information came to him from in-plant observations demonstrated sufficient probability of credibility to support the warrant on that count (see People v. Hendricks, supra, p. 133).
The reliability of the informer and the credibility of his report having thus been established, the information furnished by him — that he had observed bets being accepted in the plant and then being passed through the fence to defendant — took defendant’s observed conduct in retrieving the dropped packages at *190 the fence out of the category of unusual hut innocuous conduct into the category of highly suspicious conduct. So interpreted the contents of the affidavit justified a finding of probable cause and provided an adequate predicate for the issuance of the search warrant.
In reaching the conclusion we do, we have ignored the fact that the applying officer also produced the informer before the issuing City Court Judge who then obtained unspecified information from the informer under oath. (Matter of Sarisohn, 21 N Y 2d 36, 42-43; People v. McCall, 17 N Y 2d 152, 158; but cf. People v. Darden, 34 N Y 2d 177.) Defendant contends, however, that, even if neither the fact that the informer appeared before the court nor the information furnished by him to the court on such occasion is relied on to any extent to support issuance of the warrant, nonetheless since it occurred defendant is entitled to a transcript if available or in any event to a summary of the testimony given by the informer to the court. We find no substance to this contention.
Accordingly, the order of County Court should be reversed and the judgment of conviction reinstated.
Chief Judge Breitel and Judges Jasen, Gabrielli, Wachtler, Stevens and Rabin concur.
Order reversed and judgment of City Court of Dunkirk reinstated.