■ THE PEOPLE OF THE STATE OF NEW YORK, Appellant, v DOUGLAS HITT, Respondent.—Appeal from an order of the County Court of Chenango County, entered May 12, 1977, which granted defendant's motion to suppress certain evidence. On March 7, 1977 one Kenneth Wismer went to Norwich Police Department and reported that he had seen a large quantity of marijuana at the defendant's apartment. Investigator Thomas R. Neilen of the New York State Police, after having searched Mr. Wismer and having found no drugs on his person, gave him a marked $20 bill and instructed him to buy marijuana from defendant. Investigator Neilen and a second police officer followed Wismer to defendant's apartment and waited in a car near the house in which the apartment was located. Wismer emerged from the apartment after two or three minutes, walked past the police car, showing the officers a plastic bag, and was picked up by the officers as he walked around the corner. Thereupon, Neilen was able to identify the contents of the plastic bag as marijuana. In his application for a warrant for the search of defendant's apartment, Investigator Neilen stated: "This information is based on information and belief the source of information and grounds for belief being a confidential informant. The informant reported to me the presence of controlled substances including marijuana in the aforesaid described apartment. I was present and I observed the informant enter the above apartment and exit [with a] plastic bag which contained marijuana. The informant did not have any marijuana in his possession before entry into the aforesaid residence; this information is based on personal knowledge." Neilen then set forth the experience and field test which were the basis for his conclusion that the bag contained marijuana. Upon the execution of the warrant at about 8:00 or 8:30 P.M. on March 7, 1977, the police seized a bag of marijuana, a hypodermic syringe and needle and other drug-related items. The trial court in holding that the evidence seized upon the execution of the warrant should be suppressed, based its conclusion almost entirely upon its finding that the reliability of the confidential informant had not been established. The order must be reversed. When a warrant is sought in reliance upon hearsay information obtained from a confidential informant, the affidavit in support of the application must meet the two-pronged test laid down in *Aguilar v Texas* (378 US 108) and reaffirmed in *Spinelli v United States* (393 US 410). "[T]hat test requires that the affidavit show (1) whether the informant is in fact reliable, and (2) whether the underlying circumstances as to how the informant came by his information demonstrates sufficient probability of credibility to allow the search of the premises or person in question" *(People v Hendricks,* 25 NY2d 129, 133). The second requirement can be met when,

as in the instant case, "it is clear the informant was speaking from firsthand knowledge" *(supra,* p 134; *People v Alaimo,* 34 NY2d 187; *People v Munger,* 24 NY2d 445). While the first requirement, that of reliability, can be established by a demonstration that the informant himself was credible, as by having previously supplied accurate information, this is not the exclusive means by which credibility and/or reliability may be demonstrated *(People v Montague,* 19 NY2d 121, cert den 389 US 862). *Aguilar* provides that the affiant must set forth "some of the underlying circumstances from which the officer concluded that the informant * * * was 'credible' *or his information 'reliable'"* *(Aguilar v Texas, supra,* p 114; emphasis added). The reliability of the information, apart from any particular consideration of the credibility of the informant, can be established "by an independent corroborative verification of the informer's tale" *(People v Hanlon,* 36 NY2d 549, 557; *People v Alaimo, supra; People v Hendricks, supra).* In this case the warrant must be upheld not on the basis of the demonstrated credibility of Mr. Wismer, but upon the independent verification of the information by the police officers. Having been advised that defendant possessed marijuana in his apartment, Investigator Neilen sent the informant to make a purchase. Within two or three minutes after apparently entering defendant's apartment, the informant exited in the possession of marijuana which he said had been purchased from defendant. In our view the police procedures were reasonable and sufficient to convince the Magistrate that there was probable cause for a search warrant to issue. We reject defendant's further argument based upon the fact that defendant's apartment was in a multiple dwelling in which Wismer also resided. Even if it were assumed that Wismer could have entered his own or another apartment during the two or three minutes he was out of sight of the officers, the warrant must be upheld. In *People v Montague (supra),* for example, the Court of Appeals upheld a warrant despite the fact that an informant made an alleged purchase of marijuana while completely out of contact with any police officers for a four-hour period. Order reversed, on the law and the facts, and motion denied. Greenblott, J. P., Kane, Larkin, Mikoll and Herlihy, JJ., concur.