People v Cazeau (2021 NY Slip Op 01806)





People v Cazeau


2021 NY Slip Op 01806


Decided on March 25, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: March 25, 2021

109529

[*1]The People of the State of New York, Respondent,
v
Berthony Cazeau, Appellant.

Calendar Date: February 9, 2021

Before: Garry, P.J., Egan Jr., Pritzker, Reynolds Fitzgerald and Colangelo, JJ.


Mitch Kessler, Cohoes, for appellant.
P. David Soares, District Attorney, Albany (Emily Schultz of counsel), for respondent.



Pritzker, J.
Appeal from a judgment of the Supreme Court (Ceresia, J.), rendered June 1, 2017 in Albany County, convicting defendant upon his plea of guilty of the crime of attempted criminal possession of a weapon in the second degree.
Defendant was charged by indictment with criminal possession of a weapon in the second degree, criminal possession of a controlled substance in the third degree and criminal possession of a controlled substance in the fourth degree stemming from a search of his apartment. The search was prompted by a tip from a named citizen informant (hereinafter MZ), who told police that defendant unlawfully possessed a handgun and detailed the location of drugs that she claimed defendant had hidden in his apartment. After a brief investigation by the police, a search warrant was applied for and granted. During the search, the police discovered a handgun and ecstasy in the apartment. Defendant was subsequently arrested and, following his indictment, moved to suppress the evidence obtained in the search of his apartment, arguing, among other things, that the search warrant was not supported by probable cause. A suppression hearing was held after which Supreme Court denied defendant's motion to suppress the evidence seized pursuant to the search warrant. Thereafter, defendant pleaded guilty to a reduced charge of attempted criminal possession of a weapon in the second degree in satisfaction of the indictment. In accordance with the plea agreement,[FN1] defendant was sentenced to a prison term of seven years, followed by five years of postrelease supervision. Defendant appeals.
Supreme Court properly denied defendant's motion to suppress the evidence seized from the search of defendant's apartment. "To establish probable cause for the issuance of a search warrant, the warrant application must demonstrate that there is sufficient information to support a reasonable belief that evidence of a crime may be found in a certain place" (People v Vanness, 106 AD3d 1265, 1266 [2013] [internal quotation marks, brackets and citations omitted], lv denied 22 NY3d 1044 [2013]; see People v Alberts, 161 AD3d 1298, 1304 [2018], lv denied 31 NY3d 1114 [2018]). "[S]uch probable cause may be supplied, in whole or in part, by hearsay information, provided that it satisfies the two-part Aguilar-Spinelli test requiring a showing that the informant is reliable and has a basis of knowledge for the information imparted" (People v Bahr, 35 AD3d 909, 910 [2006] [internal quotation marks, brackets and citations omitted], lv denied 8 NY3d 919 [2007]; see People v Baptista, 130 AD3d 1541, 1541-1542 [2015], lv denied 27 NY3d 991 [2016]). As relevant here, "information provided by private citizen informants . . . is presumed to be reliable," thus satisfying the first part of the Aguilar-Spinelli test (People v Gibson, 117 AD3d 1317, 1321 [2014], affd 24 NY3d 1125 [2015]; see People v Slater, 173 AD2d 1024, 1026 [1991], lv denied 78 NY2d 974 [1991]). The second part[*2], basis of knowledge, "can be met when . . . it is clear the informant was speaking from firsthand knowledge" (People v Hitt, 61 AD2d 857, 857 [1978] [internal quotation marks and citations omitted]; see People v Slater, 173 AD2d at 1026).
At the suppression hearing, a detective with the Albany Police Department testified that he spoke with a woman who identified herself as MZ, who called to offer information regarding a gun crime. The detective testified that he never spoke with MZ in person and that his only communication with her occurred over the phone and through text messaging, as she lived in Connecticut. The detective testified that MZ told him that she previously had a romantic relationship with defendant and that, while staying with defendant over a weekend, he showed her a handgun and told her that it had been used in a shooting in the City of Albany. The detective further stated that MZ told him that defendant sells ecstasy and that he keeps his stash of ecstasy hidden in a speaker in his bedroom. The detective also testified that MZ described the handgun as a nine-millimeter Glock with a black grip. The detective testified that, to corroborate the information provided by MZ, he ran defendant's criminal history and found that he had past convictions for handgun possession and the sale of ecstasy. The detective further testified that he took steps to confirm that MZ was who she purported to be; specifically, he asked her questions only she or persons close to her would have known, such as her name, date of birth, current address and Social Security number and if the phone that she was using was registered to her name. The detective testified that he ran MZ's name through a database and confirmed the address she provided as her residence. The detective also testified that, in obtaining the search warrant, he stated that he relied upon the information provided by MZ, that defendant "has a predisposition to dealing in specifically [ecstasy] and has weapons convictions," and the fact that a police investigation verified that defendant resided at the address provided by MZ.
Defendant testified that he was familiar with MZ as he was in a romantic relationship with her that ended in 2014. He also testified that she had not been to the apartment he resided in at the time of the search. Defendant testified regarding another woman he dated, explaining that the telephone number the detective received the telephone call from belonged to this woman and that their relationship ended "on bad terms." Defendant testified that approximately two weeks before the search of his apartment, the other woman spent time at his apartment. Defendant denied having shown this other woman his gun or drugs. MZ testified that she never called the detective to discuss defendant and that she had not been to the apartment that was searched. When asked how this other woman would have obtained MZ's personal information, MZ speculated that it was possible that [*3]she accidentally left something behind after living with defendant years prior.
To the extent that defendant argues that the search warrant is illegal because the informant lied about her identity, we are unpersuaded. Although MZ testified that she was not the informant, Supreme Court specifically rejected this testimony, and we accord deference to its credibility determinations (see People v Vandebogart, 158 AD3d 976, 978 [2018], lv denied 31 NY3d 1089 [2018]; People v Musto, 106 AD3d 1380, 1380 [2013], lv denied 21 NY3d 1007 [2013]). Furthermore, even if Supreme Court had found MZ's testimony to be credible, the search warrant would not be invalidated inasmuch as the record does not reveal any evidence that, at the time he applied for the search warrant, the detective "knew or recklessly disregarded evidence" that the informant was not who she purported to be (People v Cohen, 90 NY2d 632, 637 [1997]).[FN2]
As to probable cause, we find that the first prong of the Aguilar-Spinelli test is satisfied, as MZ's statement is presumed reliable because MZ is an identified citizen informant (see People v Parris, 83 NY2d 342, 350 [1994]; People v Slater, 173 AD3d at 1026). Moreover, the police investigation provided some independent support for the reliability of the informant (see People v DiFalco, 80 NY2d 693, 698-699 [1993]; People v Wolfe, 103 AD3d 1031, 1033-1034 [2013], lv denied 21 NY3d 1021 [2013]). Further, the very detailed and specific information provided by MZ regarding the drugs and the gun, which was based on her firsthand observations, is sufficient to satisfy the second prong of the Aguilar-Spinelli test (see People v Corr, 28 AD3d 574, 575 [2006], lv denied 7 NY3d 787 [2006]; People v Slater, 173 AD2d at 1026; People v Hitt, 61 AD2d at 857-858). Accordingly, Supreme Court properly denied defendant's motion to suppress. Defendant's remaining contention, that the police acquired evidence of his residence as a fruit of unlawful detention, is unpreserved as defendant did not raise this argument in Supreme Court (see People v Kidd, 112 AD3d 994, 997 [2013], lv denied 23 NY3d 1039 [2014]).
Garry, P.J., Egan Jr., Reynolds Fitzgerald and Colangelo, JJ., concur.
ORDERED that the judgment is affirmed.



Footnotes

Footnote 1: Defendant was not required to waive his right to appeal as part of the plea bargain.

Footnote 2: Indeed, the relevant inquiry at the suppression hearing was whether the detective's application for a search warrant was supported by probable cause. The issue of whether the information relayed to him by the informant was not ultimately truthful is "generally irrelevant . . . because the Fourth Amendment protects individuals against unreasonable governmental action, not against misconduct by fellow citizens" (People v Bashian, 190 AD2d 681, 682-683 [1993] [internal quotation marks and citations omitted], lv denied 81 NY2d 836 [1993]).