People v Patterson (2021 NY Slip Op 06010)





People v Patterson


2021 NY Slip Op 06010


Decided on November 4, 2021


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:November 4, 2021

112270
[*1]The People of the State of New York, Respondent,
v
Ralph A. Patterson, Appellant.

Calendar Date:September 9, 2021

Before:Lynch, J.P., Aarons, Pritzker, Reynolds Fitzgerald and Colangelo, JJ.

John R. Trice, Elmira, for appellant, and appellantpro se.
Michael A. Korchak, District Attorney, Binghamton (Rita M. Basile of counsel), for respondent.



Reynolds Fitzgerald, J.
Appeal from a judgment of the County Court of Broome County (Cawley Jr., J.), rendered January 16, 2020, upon a verdict convicting defendant of the crimes of criminal possession of a controlled substance in the third degree (two counts) and criminally using drug paraphernalia in the second degree.
On December 3, 2018, a detective applied for and obtained a search warrant authorizing the search of the second floor of 248 Chenango Street in the City of Binghamton, Broome County, as well as all persons located within the property address, based, in part, upon a sworn statement from a confidential informant (hereinafter CI). Upon execution of the search warrant the next day, the police recovered over half an ounce of crack cocaine, multiple cell phones, large sums of cash and plastic sandwich bags. Defendant was ultimately indicted on two counts of criminal possession of a controlled substance in the third degree and criminally using drug paraphernalia in the second degree.
As part of his omnibus motion, defendant sought to suppress the physical evidence on the basis that the information relied upon for the issuance of the warrant was stale. After conducting a Darden hearing, County Court concluded that the search warrant was in all respects lawful because it was supported by probable cause premised upon information that was not stale. Following a jury trial, defendant was convicted on all counts. He was sentenced as a second felony offender to concurrent prison terms of 5½ years, followed by two years of postrelease supervision, on each criminal possession conviction and to a lesser concurrent jail term for the criminal use of drug paraphernalia conviction. Defendant appeals.
Initially, defendant contends that the existence of probable cause to issue the warrant was based on stale information, rendering said warrant defective. "To establish probable cause for the issuance of a search warrant, the warrant application must demonstrate that there is sufficient information to support a reasonable belief that evidence of a crime may be found in a certain place" (People v Cazeau, 192 AD3d 1388, 1388 [2021] [internal quotation marks and citations omitted], lv denied 37 NY3d 963 [2021]). "Where a search warrant application is based upon information obtained from a CI, the application must demonstrate the veracity and/or reliability of the CI and the basis of the CI's knowledge" (People v Oliver, 172 AD3d 1457, 1458-1459 [2019] [citations omitted], lv denied 34 NY3d 1080 [2019]).
At the Darden hearing, the CI testified to working with and providing information to the detective for the past two years that resulted in other arrests. This testimony was in accord with the detective's attestation attached to the search warrant, thereby demonstrating that the CI was reliable (see People v Jackson, 189 AD3d 1705, 1706 [2020], lv denied 36 NY3d 1098 [2021]). The CI further testified as to the details of the CI's participation in a controlled drug buy [*2]involving defendant, which was buttressed by the detective's investigation and that the CI's purchase tested positive for cocaine. The CI's information was based on "firsthand observations and interactions with defendant — the most reliable demonstration of the basis for a CI's knowledge" (People v Cowan, 177 AD3d 1173, 1175 [2019] [internal quotation marks, brackets and citation omitted], lv denied 34 NY3d 1127 [2020]). "While there is no question that it is necessary for the facts comprising the alleged criminal conduct to be relatively current with the application for the search warrant to ensure probable cause exists" (People v Ming, 35 AD3d 962, 964 [2006] [citations omitted], lv denied 8 NY3d 883 [2007]), we have long held that "[p]robable cause is not determined simply by counting the number of days between the occurrence of the events relied upon and the warrant's issuance" (People v Teribury, 91 AD2d 815, 816 [1982]; see People v Walker, 285 AD2d 660, 661 [2001], lv denied 97 NY2d 659 [2001], cert denied 535 US 1064 [2002]). Moreover, were we to count days, the time between the sale of the crack cocaine recounted in the CI's affidavit supporting the application for the warrant and its issuance was certainly close enough in time to preclude its classification as stale (see People v Ming, 35 AD3d at 964). Accordingly, County Court properly determined that the CI provided reliable and timely information that justified a finding that probable cause existed to issue the search warrant (see People v Matthews, 159 AD3d 1043, 1045 [2018]; People v Jackson, 189 AD3d at 1706).
Defendant next asserts that his convictions are not supported by legally sufficient evidence and are against the weight of the evidence. Specifically, defendant contends that the People failed to prove beyond a reasonable doubt that he knowingly possessed the cocaine as there was no evidence that he knew there were drugs in the apartment or that the drugs belonged to him. "When reviewing the legal sufficiency of the evidence, this Court must view the evidence in the light most favorable to the People and evaluate whether there is any valid line of reasoning and permissible inferences which could lead a rational person to the conclusion reached by the jury on the basis of the evidence at trial and as a matter of law satisfy the proof and burden requirements for every element of the crimes charged. In contrast, when conducting a weight of the evidence review, this Court must view the evidence in a neutral light and determine first whether a different verdict would have been unreasonable and, if not, then weigh the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony to determine if the verdict is supported by the weight of the evidence" (People v Rudge, 185 AD3d 1214, 1215 [2020] [internal quotation marks, brackets and citations omitted], lv denied 35 NY3d 1070 [2020]; see People v Bleakley[*3], 69 NY2d 490, 495 [1987]).
As relevant here, Penal Law § 220.16 prohibits knowingly possessing "a narcotic drug with intent to sell it" or a mixture "containing a narcotic drug" weighing "one-half ounce or more" (Penal Law § 220.16 [1]; [12]; see People v Garcia-Toro, 155 AD3d 1086, 1086 [2017], lv denied 30 NY3d 1115 [2018]). "A person is guilty of criminally using drug paraphernalia in the second degree when he [or she] knowingly possesses or sells
. . . glassine envelopes . . . or any other material suitable for the packaging of individual quantities of narcotic drugs
. . . under circumstances evincing an intent to use, or under circumstances evincing knowledge that some person intends to use, the same for the purpose of unlawfully manufacturing, packaging or dispensing of any narcotic drug" (Penal Law § 220.50 [2]). "Constructive possession may be established by circumstantial evidence and any conflict in the evidence regarding a defendant's dominion and control over the drugs in question . . . creates issues of witness credibility, and the jury's determination in that regard must be accorded great deference. Generally, possession alone suffices to permit the inference that the possessor knows what he or she possesses, especially . . . if it is . . . on his or her premises" (People v Garcia-Toro, 155 AD3d at 1086-1087 [internal quotation marks, brackets and citations omitted]). "With respect to establishing a defendant's intent to sell drugs, the jury is allowed to infer, based on the amount of drugs at issue, that the defendant possessed them for the purpose of financial gain, rather than personal consumption" (People v Crooks, 129 AD3d 1207, 1209 [2015] [citations omitted], affd 27 NY3d 609 [2016]).
At trial, a detective with the Johnson City Police Department testified that, before entering the apartment in order to effectuate the search warrant, he first looked at a mailbox that had defendant's name on it. He further attested to acting as the evidence custodian at the apartment, and that he processed two cell phones, US currency, crack cocaine and sandwich bags. A detective with the Broome County Sheriff's Office testified that he entered the apartment and recovered a box of fold-top sandwich bags from the kitchen counter and he also discovered loose sandwich bags in the toilet. A police officer and former special investigator for the Binghamton Police Department testified that he found a white cell phone, a wallet with identification and $580 in cash on defendant's person. A detective with the same department testified that, in Broome County, crack cocaine is commonly packaged for sale in a plastic sandwich bag that is tied off into a knot, known as a "corner wrap." He also testified that the type of sandwich bags found in defendant's apartment are the type used to package cocaine. The detective further testified that the two cell phones, cash, sandwich bags and large quantity of drugs found — and the specific way that they [*4]were packaged — were indicative of defendant's intent to sell the cocaine rather than merely possessing it for personal use. Lastly, he testified that he found a large quantity of suspected crack cocaine hidden behind a picture on the wall — on the ledge of the frame — located in a corner wrap of a sandwich bag inside of another bag, along with a black cell phone and cash on the bed. A forensic scientist for the State Police testified that the substance found in defendant's apartment tested positive for cocaine and weighed 16.398 grams, which was over one-half ounce. Finally, the People offered recordings of telephone calls that defendant made while he was incarcerated. In one call, defendant states that he received an eviction notice and wanted to ensure that someone got everything out of his house. In another call he stated that no one was living with him, but other people were coming by his apartment every day.
Viewing the evidence in the light most favorable to the People, applying the principle of constructive possession, and affording the People all permissible inferences, we find that the evidence was legally sufficient to establish that defendant exercised dominion and control over the apartment where the cocaine and sandwich bags were found, thus establishing his knowing possession and intent to sell the cocaine (see People v Kalabakas, 183 AD3d 1133, 1140 [2020], lv denied 35 NY3d 1067 [2020]; People v Cowan, 177 AD3d at 1177; People v Colon, 177 AD3d 1086, 1088 [2019]). Although a different verdict would not have been unreasonable if the jury had credited defendant's argument that he did not have knowing possession of the drugs due to the numerous people that frequented his apartment, viewing the evidence in a neutral light and deferring to the jury's credibility determinations, we find that defendant's convictions are not against the weight of the evidence (see People v Seecoomar, 174 AD3d 1154, 1157 [2019], lv denied 34 NY3d 1019 [2019]; People v Spencer, 169 AD3d 1268, 1270 [2019], lvs denied 34 NY3d 935, 938 [2019]; People v Shabazz, 177 AD3d at 1172).
Defendant lastly contends that the sentence imposed was harsh and excessive and should be reduced due to his poor health, prior attempts of drug rehabilitation and less than overwhelming evidence presented at trial. "It is well settled that a sentence that falls within the permissible statutory ranges will not be disturbed unless it can be shown that the sentencing court abused its discretion or that extraordinary circumstances exist warranting a modification in the interest of justice" (People v Walker, 191 AD3d 1154, 1160 [2021] [internal quotation marks and citations omitted], lv denied 37 NY3d 961 [2021]). In light of defendant's criminal history, including that he is a second felony offender, that the sentence was less than the maximum term allowed, coupled with statements that defendant made to a probation officer during the presentence investigation interview, we discern [*5]no extraordinary circumstances or abuse of discretion that would warrant a modification of the sentence (see People v Infinger, 194 AD3d 1183, 1188 [2021], lv denied 37 NY3d 965 [2021]; People v Warner, 194 AD3d 1098, 1106 [2021], lv denied 37 NY3d 1030 [2021]; People v Bombard, 187 AD3d 1417, 1420 [2020]).
Lynch, J.P., Aarons, Pritzker and Colangelo, JJ., concur.
ORDERED that the judgment is affirmed.