People v Gillespie (2022 NY Slip Op 03279)





People v Gillespie


2022 NY Slip Op 03279


Decided on May 19, 2022


Appellate Division, Third Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered:May 19, 2022

110886 112328
[*1]The People of the State of New York, Respondent,
v
Keith Gillespie, Appellant.

Calendar Date:February 8, 2022

Before:Garry, P.J., Egan Jr., Pritzker, Colangelo and Ceresia, JJ.

Carolyn B. George, Albany, for appellant.
P. David Soares, District Attorney, Albany (Erin LaValley of counsel), for respondent.



Garry, P.J.
Appeals (1) from a judgment of the Supreme Court (McDonough, J.), rendered November 30, 2018 in Albany County, convicting defendant following a nonjury trial of the crimes of criminal possession of a weapon in the second degree (three counts) and endangering the welfare of a child, and (2) by permission, from an order of said court, entered April 23, 2020 in Albany County, which denied defendant's motion pursuant to CPL 440.10 to vacate the judgment of conviction, without a hearing.
An argument ensued when a child's father and grandfather retrieved the child from the mother. As the child sat in a car nearby, defendant emerged from the mother's apartment, brandished a handgun and fired shots in the air. Defendant was then charged by indictment with three counts of criminal possession of a weapon in the second degree and one count of endangering the welfare of a child. After Supreme Court denied defendant's suppression motion, he proceeded to a bench trial and was convicted on all counts. The court sentenced him to concurrent prison terms of 10 years, with five years of postrelease supervision, for each of his convictions of criminal possession of a weapon, and to a lesser concurrent term on the remaining conviction. Supreme Court denied defendant's subsequent CPL 440.10 motion, without a hearing. Defendant appeals the judgment of conviction and, by permission, the order denying his CPL article 440 motion.
Defendant's challenge to the legal sufficiency of the evidence supporting the conviction of endangering the welfare of a child is unpreserved for review as he failed to specifically address that count in his motion to dismiss at the close of the People's evidence (see People v Farnham, 136 AD3d 1215, 1215 [2016], lv denied 28 NY3d 929 [2016]). On appeal, he does not argue that the conviction on that count was against the weight of the evidence.
Addressing defendant's challenge to the legal sufficiency of the evidence on the convictions for criminal possession of a weapon in the second degree, this Court must evaluate "whether the evidence, viewed in the light most favorable to the People, provides any valid line of reasoning and permissible inferences which could lead a rational person to the conclusion reached by the [factfinder] on the basis of the evidence at trial and as a matter of law satisfy the proof and burden requirements for every element of the crimes charged" (People v Sanon, 179 AD3d 1151, 1152 [2020] [internal quotation marks, brackets and citation omitted], lv denied 35 NY3d 973 [2020]). "A weight of the evidence review requires this Court to first determine whether, based on all the credible evidence, a different finding would not have been unreasonable. Where a different finding would not have been unreasonable, this Court must weigh the relative probative force of conflicting testimony and the relative strength of conflicting inferences that may be drawn from the testimony to determine if the verdict is supported [*2]by the weight of the evidence" (People v Forney, 183 AD3d 1113, 1113-1114 [2020] [internal quotation marks and citations omitted], lv denied 35 NY3d 1065 [2020]). For the three counts at issue, the People were required to prove that defendant possessed a loaded firearm in a place other than his home or business (see Penal Law § 265.03 [3]; People v Cooper, 199 AD3d 1061, 1063 [2021], lv denied 38 NY3d 926 [2022]) and that he possessed a loaded firearm with intent to use it unlawfully against the child's father and grandfather (see Penal Law § 265.03 [1] [b]). The definition of firearm includes "any pistol or revolver" (Penal Law § 265.00 [3] [a]), and "[t]he weapon must be operable to satisfy the definition of 'loaded firearm'" (People v Burden, 108 AD3d 859, 860 [2013], lv denied 22 NY3d 1197 [2014]; see People v Cavines, 70 NY2d 882, 883 [1987]).
The father and the grandfather each testified that they saw defendant on the sidewalk holding a handgun and that he shot into the air one or two times. The father also testified that defendant pointed the gun at him and the grandfather before shooting into the air. This testimony was corroborated by video from nearby cameras, and still photographs from the video, that captured the argument as described and shows defendant holding what appears to be a gun. This evidence was legally sufficient to establish the elements of all three counts: that defendant possessed a firearm outside his home or business; he intended to use it unlawfully against the father and the grandfather when he pointed it at them; and it was loaded and operable because it actually fired shots (see Penal Law § 265.03 [1] [b]; [3]; People v Smith, 173 AD3d 1441, 1443 [2019], lvs denied 34 NY3d 951, 954 [2019]; People v Burden, 108 AD3d at 860; compare People v Melhado, 53 NY2d 984, 985 [1981]). As a different verdict would have been unreasonable, when considering all the proof, the verdict was not against the weight of the evidence.
Pursuant to CPL 180.80, a defendant who has a pending felony complaint and has been in custody longer than the period of time specified in the statute without a preliminary hearing having been commenced thereon may apply to be released on his or her own recognizance unless, among other things, "[t]he district attorney files . . . a written certification that an indictment has been voted" (CPL 180.80 [2] [a]). "The purpose of [the statute] is to ensure that [a] defendant is not detained beyond the prescribed period of time without a finding of probable cause" (People ex rel. Goldberg v Sielaff, 178 AD2d 170, 171 [1991], lv denied 79 NY2d 759 [1992]); "courts are not required to consider the validity of the underlying indictment in assessing whether [the statute] has been violated" (People ex rel. Heinrich v Sielaff, 176 AD2d 978, 980 [1991]). Here, contrary to defendant's assertion, the People filed a certificate in compliance with the statute. At the time of this filing, the indictment remained [*3]sealed; the certificate listed defendant's arrest date and the charges contained in the criminal complaints that were pending against him. The local criminal court was thus duly advised as to which incident was at issue and that defendant was not entitled to either release or a hearing on the related complaints (see CPL 180.80).
Two counts of the indictment originally cited an incorrect paragraph under the same subdivision of the Penal Law provision for criminal possession of a weapon in the second degree — Penal Law § 265.03 (1) (a), prohibiting possession of a machine-gun with intent to use it unlawfully against another, instead of paragraph (1) (b), prohibiting possession of a loaded firearm with the same intent. However, the indictment correctly listed the name of the charged crime and stated all the elements of the intended crime (i.e., possessing a loaded firearm). Supreme Court granted the People's motion to amend the indictment, thereby rendering it consistent with the evidence and charges presented to the grand jury, which did not mention a machine-gun. "In these circumstances, the typographical errors amounted to mere technical defects that neither changed the theory of the People's case nor constituted jurisdictional impediments requiring reversal" (People v Johnson, 197 AD3d 61, 66 [2021] [citations omitted]). As the amendment occurred early in the case and there was no prejudice to defendant, Supreme Court did not err in permitting the People to amend the indictment to correct those typographical errors (see CPL 200.70; People v Baber, 182 AD3d 794, 800 [2020], lv denied 35 NY3d 1064 [2020]).
"To establish probable cause for the issuance of a search warrant, the warrant application must demonstrate that there is sufficient information to support a reasonable belief that evidence of a crime may be found in a certain place" (People v Cazeau, 192 AD3d 1388, 1388 [2021] [internal quotation marks and citations omitted], lv denied 37 NY3d 963 [2021]; accord People v Patterson, 199 AD3d 1072, 1073 [2021], lv denied 37 NY3d 1163 [2022]). To that end, the application must contain factual allegations that support the existence of probable cause based on either personal knowledge of the applicant, upon information and belief from specified sources or through submitted supporting depositions (see CPL 690.35 [3] [c]). At the suppression hearing, the detective who submitted the search warrant application testified that he based his factual allegations on his personal review of the surveillance camera video, information he obtained from police interviews of named witnesses at the scene and sworn witness statements — all submitted as attachments to the application — from the father, the grandfather and a neighbor. The allegations in the warrant indicated that a man retreated into the mother's apartment after he shot a gun, providing probable cause to believe that the shooter, his clothing and identifying documents, a gun and ammunition may [*4]be found during a search of the apartment and its curtilage. Accordingly, Supreme Court properly denied defendant's suppression motion because the search warrant application was not defective (see CPL 690.35 [3]; People v Cazeau, 192 AD3d at 1388). Defendant failed to preserve his challenge to alleged technical defects in the search warrant as the issue was not raised in his omnibus motion or during the suppression hearing (see People v McLeod, 189 AD3d 1967, 1968 [2020]; People v Elder, 173 AD3d 1344, 1345 [2019], lv denied 34 NY3d 930 [2019]).
Turning to defendant's CPL 440.10 motion, "a hearing is only required if the submissions show that the nonrecord facts sought to be established are material and would entitle the defendant to relief" (People v Brandon, 133 AD3d 901, 903 [2015] [internal quotation marks, brackets and citation omitted], lvs denied 27 NY3d 992, 1000 [2016]). His arguments regarding alleged defects in the form of the indictment and the alleged failure to file the indictment with the Albany County Clerk cannot be advanced in a CPL article 440 motion because they can be determined on the record and were reviewable on direct appeal (see CPL 440.10 [2] [b]; People v Simpson, 196 AD3d 996, 998 [2021], lv denied 37 NY3d 1029 [2021]; People v Durham, 195 AD3d 1318, 1321 [2021], lv denied 37 NY3d 1160 [2022]). His argument that he was deprived of his right to appear before the grand jury could have been raised on direct appeal and, in any event, is waived based on his failure to assert that contention within five days after arraignment upon the indictment (see CPL 190.50 [5] [c]). To the extent that his ineffective assistance of counsel argument is premised on counsel's failure to protect defendant's right to testify before the grand jury, his submissions fail to raise a question of material fact. Defendant submitted with his motion a letter from prior counsel stating that his counsel was provided notice of the grand jury presentment, consulted with defendant and defendant elected not to testify. Defendant does not refute all these assertions in his affidavit or elsewhere in his motion papers, nor does he demonstrate how his testimony before the grand jury would have resulted in a different outcome (see People v Graham, 185 AD3d 1221, 1223 [2020], lv denied 36 NY3d 929 [2020]). As the other allegations of ineffective assistance are "based on . . . defendant's self-serving claims that are contradicted by the record or unsupported by any other evidence," no hearing was required on the motion (People v Beverly, 196 AD3d 864, 865 [2021] [internal quotation marks and citations omitted], lv denied 37 NY3d 1058 [2021]).
Egan Jr., Pritzker, Colangelo and Ceresia, JJ., concur.
ORDERED that the judgment and order are affirmed.