People v Tucker (2023 NY Slip Op 06280)

People v Tucker

2023 NY Slip Op 06280

Decided on December 7, 2023

Appellate Division, Third Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered:December 7, 2023

111216
[*1]The People of the State of New York, Respondent,
v
Donnell Tucker, Also Known as D. Nice, Appellant.

Calendar Date:October 10, 2023

Before:Garry, P.J., Pritzker, Reynolds Fitzgerald, Ceresia and Mackey, JJ.

Erin C. Morigerato, Albany, for appellant.
Robert M. Carney, District Attorney, Schenectady (Peter H. Willis of counsel), for respondent.

Mackey, J.
Appeal from a judgment of the County Court of Schenectady County (Matthew J. Sypniewski, J.), rendered January 8, 2018, convicting defendant upon his plea of guilty of the crimes of criminal possession of a weapon in the second degree and criminal possession of a controlled substance in the third degree.
Defendant was charged in a 10-count indictment with criminal possession of a weapon in the second degree, criminal possession of stolen property in the fourth degree, criminal possession of a controlled substance in the third degree (four counts), unlawful possession of marihuana and criminally using drug paraphernalia in the second degree (three counts), following the discovery of certain physical evidence during a search of his apartment. The search was prompted by a tip from a burglary suspect (hereinafter the informant), who told police that he had sold stolen items to and bought drugs from defendant in defendant's apartment. The informant stated that he knew defendant, was familiar with his apartment and identified a photograph of him. After a brief investigation by the police, a search warrant was applied for and granted. During the search, the police discovered a handgun, stolen property and drugs in defendant's apartment. Defendant was subsequently arrested and, following his indictment, moved to suppress the physical evidence seized and sought a Darden hearing. After County Court denied defendant's suppression motion and his request for a Darden hearing,[FN1] defendant pleaded guilty to criminal possession of a weapon in the second degree and criminal possession of a controlled substance in the third degree in full satisfaction of the indictment and purported to waive his right to appeal. In accordance with the terms of the plea agreement, County Court sentenced defendant to a prison term of four years followed by three years of postrelease supervision on the conviction of criminal possession of a weapon and a concurrent prison term of seven years followed by two years of postrelease supervision on the drug-related conviction. Defendant appeals.
Initially, the People concede, and we agree, that defendant's waiver of the right to appeal is invalid. The language of the written appeal waiver "is overbroad and inaccurate," and County Court did not overcome these defects "by ensuring that defendant understood that some appellate and collateral review survives an appeal waiver" (People v Devane, 212 AD3d 894, 895 [3d Dept 2023] [internal quotation marks and citations omitted], lv denied 39 NY3d 1110 [2023]; see People v Ramjiwan, 209 AD3d 1176, 1177 [3d Dept 2022]; People v Palmer, 207 AD3d 802, 803 [3d Dept 2022], lv denied 39 NY3d 941 [2022]; People v Williams, 203 AD3d 1398, 1398-1399 [3d Dept 2022], lv denied 38 NY3d 1036 [2022]). In light of defendant's invalid appeal waiver, review of any contentions that would be encompassed by that waiver is not precluded (see People v Davis, 204 AD3d 1072, 1074 [3d Dept 2022], lv denied 38 NY3d 1032 [2022[*2]]; People v Linear, 200 AD3d 1498, 1499 [3d Dept 2021], lv denied 38 NY3d 951 [2022]).
Defendant contends that County Court erred in denying his motion to suppress because the search warrant was issued without probable cause. "In order to establish probable cause for the issuance of a search warrant, the warrant application must demonstrate that there is sufficient information to support a reasonable belief that evidence of a crime may be found in a certain place" (People v Jackson, 206 AD3d 1244, 1245-1246 [3d Dept 2022] [internal quotation marks, brackets and citations omitted], lv denied 38 NY3d 1151 [2022]; see People v Cazeau, 192 AD3d 1388, 1388 [3d Dept 2021], lv denied 37 NY3d 963 [2021]; People v Brown, 167 AD3d 1331, 1332 [3d Dept 2018]). Here, "the warrant application was supported by the sworn affidavit of an informant whose identity was disclosed to the issuing judge" (People v High, 200 AD3d 1209, 1209 [3d Dept 2021] [internal quotation marks, brackets and citations omitted], lv denied 37 NY3d 1161 [2022]; see People v David, 234 AD2d 787, 787-788 [3d Dept 1996], lv denied 89 NY2d 1034 [1997]). "A sworn statement of an identified member of the community attesting to facts directly and personally observed by him or her is in and of itself sufficient to support the issuance of a search warrant" (People v High, 200 AD3d at 1209 [internal quotation marks, brackets and citations omitted]). Because the informant's identity was made known to the issuing court (and later to defendant),[FN2] and the statement was a firsthand account made under penalty of perjury, probable cause can be established without further need for "demonstrat[ing] the veracity and/or reliability of the [informant] and the basis of the [informant's] knowledge" (People v Oliver, 172 AD3d 1457, 1459 [3d Dept 2019], lv denied 34 NY3d 1080 [2019]; see People v Cowan, 177 AD3d 1173, 1175 [3d Dept 2019], lv denied 34 NY3d 1127 [2020]; see also People v Hitt, 61 AD2d 857, 857 [3d Dept 1978]). Furthermore, a review of the information provided in the warrant application, including the informant's sworn statement, satisfies us that there was probable cause for the issuance of the warrant (see People v Castillo, 80 NY2d 578, 585 [1992], cert denied 507 US 1033 [1993]; People v Jackson, 206 AD3d at 1245-1246; see also People v Cazeau, 192 AD3d at 1388; People v Brown, 167 AD3d at 1332). Accordingly, County Court properly denied defendant's motion to suppress.[FN3]
Defendant also contends that County Court erred in denying his request for a Darden hearing. The purpose of such a hearing is to verify the truthfulness of the confidential informant and to ensure that the informant exists (see People v Edwards, 95 NY2d 486, 495 [2000]; People v Jackson, 189 AD3d 1705, 1705-1706 [3d Dept 2020], lv denied 36 NY3d 1098 [2021]). However, because the informant here was not confidential, but rather was disclosed to both the court and defendant, a Darden hearing was not warranted. Thus, the court did [*3]not err in denying that request (see People v Edwards, 95 NY2d at 492-494; People v Darden, 34 NY2d 177, 181 [1974]; People v Brown, 167 AD3d at 1333; People v Anderson, 104 AD3d 968, 971 [3d Dept 2013], lv denied 21 NY3d 1013 [2013]; People v Lewis, 39 AD3d 1025, 1026 [3d Dept 2007]).
Defendant's contention that the plea was not knowingly, voluntarily and intelligently entered was not preserved for our review by an appropriate postallocution motion, despite having ample opportunity to do so (see People v Huebsch, 199 AD3d 1174, 1175 [3d Dept 2021], lv denied 37 NY3d 1161 [2022]). Further, we are unpersuaded by defendant's assertion that the narrow exception to the preservation requirement is applicable, as he did not make any statements — either during the plea colloquy or at the time of sentencing — that negated an element of the charged crimes, were inconsistent with his guilt or otherwise called into question the voluntariness of his plea (see People v Nack, 200 AD3d 1197, 1198 [3d Dept 2021], lv denied 38 NY3d 1009 [2022]; People v Strack, 177 AD3d 1036, 1037 [3d Dept 2019]). A person is guilty of criminal possession of a weapon in the second degree when they knowingly possess any loaded firearm with the intent to use it unlawfully against another (see Penal Law § 265.03 [1] [b]). While defendant seemingly denied "ownership" of the handgun,[FN4] who owned the handgun was not relevant to the crime charged. Said differently, the statute mentions nothing about "ownership," it refers only to "possession" of a weapon with the intent to use it against another. Because the ownership status of the handgun did not negate an element of the crime, and as defendant made no other statements that would cast doubt upon his guilt or call into question the voluntariness of his plea, the exception to the preservation requirement is not implicated (see People v Pastor, 28 NY3d 1089, 1090-1091 [2016]; People v Brown, 213 AD3d 1035, 1037 [3d Dept 2023], lv denied 39 NY3d 1153 [2023]).
Defendant's ineffective assistance of counsel claim, to the extent that it impacts the voluntariness of the plea, is similarly unpreserved for our review in the absence of an appropriate postallocution motion and, as previously discussed, the narrow exception to the preservation requirement is inapplicable (see People v Dunbar, 218 AD3d 931, 933 [3d Dept 2023], lv denied 40 NY3d 950 [2023]; People v Bermudez, 217 AD3d 1261, 1263 [3d Dept 2023], lv denied 40 NY3d 996 [2023]; People v Stevens, 217 AD3d 1280, 1281 [3d Dept 2023], lv denied 40 NY3d 952 [2023]; People v Elawar, 204 AD3d 1247, 1249 [3d Dept 2022], lv denied 38 NY3d 1133 [2022]).[FN5] Moreover, defendant's assertion that he was not satisfied with his counsel's representation is belied by the record, as he affirmatively represented during his plea allocution that he was satisfied with same (see People v Griffin, 165 AD3d 1316, 1317-1318 [3d Dept 2018]). Indeed, defense counsel provided meaningful representation by making appropriate [*4]pretrial motions, vigorously pursuing suppression of the physical evidence seized by the police and ultimately procuring a plea deal whereby defendant received a prison sentence far less than the maximum allowable by law (see People v Lomax, 161 AD3d 1454, 1456 [3d Dept 2018], lv denied 32 NY3d 1113 [2018]; People v Beekman, 134 AD3d 1355, 1357 [3d Dept 2015], lv denied 27 NY3d 992 [2016]).[FN6]
Finally, we reject defendant's challenge to the severity of his sentence. Although he is a first-time felony offender, has a limited criminal history and accepted responsibility for his conduct, the record also reflects that the plea was in satisfaction of a 10-count indictment that exposed him to a significantly lengthier sentence if convicted of all charges. Further, although the sentence in relation to criminal possession of a controlled substance was toward the higher end of the permissible statutory range, the sentence imposed in relation to the criminal possession of a weapon was advantageously lower, which, as noted during sentencing, potentially provided defendant earlier access to various programs once the four-year sentence in relation to the violent felony offense was served. Although the sentence is not insignificant, it is not harsh or severe (see CPL 470.15 [6] [b]). Accordingly, there is no basis upon which to disturb the judgment of conviction.
Garry, P.J., Pritzker, Reynolds Fitzgerald and Ceresia, JJ., concur.
ORDERED that the judgment is affirmed.

Footnotes

Footnote 1: County Court initially denied defendant's motion for failure to allege standing to challenge the search; however, upon defendant's subsequent motion for reconsideration, the court found that standing was established.

Footnote 2: Defense counsel acknowledged that the informant's identity was disclosed on multiple occasions during discovery.

Footnote 3: Defendant does not argue on appeal, as he did below, that he was entitled to an unredacted copy of the informant's sworn statement for use in mounting a constitutionally based challenge to the search warrant. Accordingly, we do not address that issue.

Footnote 4: Defense counsel indicated at the time of defendant's plea that the handgun was the property of defendant's mother.

Footnote 5: Defendant unsuccessfully moved to vacate the judgment of conviction pursuant to CPL 440.10 and, by decision dated March 11, 2023, this Court denied his application for permission to appeal therefrom.

Footnote 6: As a first-time felony offender, defendant faced a sentencing range of 3½ to 15 years in prison for his conviction of criminal possession of a weapon in the second degree, a class C violent felony offense (see Penal Law § 70.02 [1] [c]; [3] [a]), and a sentencing range of one to nine years in prison for his conviction of criminal possession of a controlled substance in the third degree, a class B felony (see Penal Law § 70.70 [2] [a] [i]).